**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IAN BRUCE,

    Plaintiff,

v.

WESTLAKE SERVICES, LLC, dba
WESTLAKE FINANCIAL,

    Defendants.

Case No. _____

**NOTICE OF REMOVAL**

# Exhibit 1

(all process and pleadings served upon Defendant)

1



**CORPORATE CREATIONS**®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Westlake Services, LLC                                          October 04, 2024
Westlake Services, LLC
Westlake Legal Department
Westlake Financial Services
4751 Wilshire Blvd.
Los Angeles CA 90010

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2024-1676

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | **Entity Served:** | Westlake Services, LLC |
|---|---|---|
| 2. | **Title of Action:** | Ian Bruce vs. Westlake Services, LLC |
| 3. | **Document(s) Served:** | Sheriff's Entry of Service<br>Summons<br>Complaint<br>Exhibit A |
| 4. | **Court/Agency:** | Cobb County Equity Court |
| 5. | **State Served:** | Georgia |
| 6. | **Case Number:** | 24GC06809 |
| 7. | **Case Type:** | Declaratory Relief |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Wednesday 10/02/2024 |
| 10. | **Date to Client:** | Friday 10/04/2024 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | Not Applicable | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Enoch<br>Lawrenceville, GA |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 111 |
| 16. | **Notes:** | Please note this appears to be from a pro se plaintiff. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

# SHERIFF'S ENTRY OF SERVICE

COPY

SERVE

Civil Action No. _____24GC06809_____

Date Filed _____

Attorney's Address

**Enoch**
**267 langley dr #1267**
**Lawrenceville, GEORGIA 30046-**

Name and Address of Party to be Served.
**Westlake Services, LLC**

**c/o CORPORATE CREATIONS NETWORK 2985 GORDY PARKWAY**

**Marietta, GEORGIA 30006**

Superior Court ☒    Magistrate Court ☐
State Court ☐    Probate Court ☐
Juvenile Court ☐

Georgia, _____COBB_____ COUNTY

Bruce, Ian
_____

_____ Plaintiff

VS.
Westlake Services, LLC, DBA Westlake Financial

_____

_____ Defendant

_____

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant_____personally with a copy
of the within action and summons.

**NOTORIOUS**

☐ I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____described as follows:
age, about _____years; weight _____pounds; height, about _____feet and _____inches, domiciled at the residence of
defendant.

**CORPORATION**

☒ Served the defendant  Westlake Services, LLC  a corporation
by leaving a copy of the within action and summons with
in charge of the office and place of doing business of said Corporation in the County. Corporate Creations Network

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**

☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This  2  day of  OCT  , 20 24

Herron
_____ Deputy

# SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**24GC06809**

A. GREGORY POOLE
SEP 11, 2024 06:57 AM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

CIVIL ACTION NUMBER  <u>24GC06809</u>

Bruce, Ian

_____

**PLAINTIFF**

**VS.**

Westlake Services, LLC, DBA Westlake
Financial

_____

**DEFENDANT**

### SUMMONS

TO: WESTLAKE SERVICES, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Ian Isaiah Enoch Bruce Ian Isaiah Enoch Bruce Ian Isaiah Enoch Bruce**

**Enoch**
**267 langley dr #1267**
**Lawrenceville, Georgia 30046**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 11th day of September, 2024.**

Clerk of Superior Court



Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

Page 1 of 1

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**24GC06809**

A. GREGORY POOLE
SEP 11, 2024 06:57 AM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

IN EQUITY COURT OF COBB COUNTY

STATE OF GEORGIA

| | |
|---|---|
| **Ian Bruce, Petitioner,** | **Civil Action File No.** |
| **v.** | |
| **Westlake Services LLC., Defendant.** | _____ |

## COMPLAINT AND PETITION FOR REIMBURSEMENT, INJUNCTIVE and

## DECLARATORY RELIEF

1.    COMES NOW, Ian Bruce (hereinafter 'Petitioner'), and files this Petition in Equity against Defendant, Westlake Services LLC, d/b/a Westlake Financial, and states as follows:

### INTRODUCTION OF THE PARTIES

2.    Petitioner is a private citizen and currently resides in Gwinnett County, Lawrenceville, Georgia. Defendant is an auto finance corporation with its principal place of business in California, conducting business within the State of Georgia.

3.    This petition for equitable relief arises from the Defendant's failure to fulfill its contractual obligations under an arbitration agreement and its continued violation of the Petitioner's rights to privacy and fair credit reporting. Petitioner, in June 2020, executed a consumer credit contract with Financial Auto Outlet Corp., which was subsequently assigned to Defendant. Despite an arbitration clause requiring both parties to participate in arbitration proceedings, Defendant failed to meet its obligations, leading Petitioner to bear the financial

burden of Defendant's fees to prevent the arbitration from being dismissed. In addition, Defendant has continued to unlawfully report Petitioner's nonpublic personal information to Consumer Reporting Agencies (CRAs), despite having received a cease and desist letter from Petitioner in December 2022 and being notified via other channels. Defendant's actions constitute a breach of both its legal and equitable duties, resulting in harm to Petitioner for which equitable relief is now sought.

## JURISDICTION.

4. This Court has jurisdiction over this matter pursuant to its equitable powers under OCGA § 23-1-3 as the legal remedies available are insufficient to address the harm and prevent further injury to the Petitioner.

5. Venue is proper in Cobb County, Georgia as Defendant conducts business within this jurisdiction.

## STATEMENT OF FACTS

**[First Issue: Reimbursement for Arbitration Fees]**

6. In June 2020, Petitioner executed a consumer credit contract, As evidenced in *Exhibit A*, with Financial Auto Outlet Corp. in California, which was immediately assigned to Defendant.

7. The contract includes an arbitration clause on page 6, stipulating that if either party elects to pursue arbitration, the other party is contractually obligated to participate in arbitration for any issues arising from the contract, transaction, or related relationship.

8. In January 2024, Petitioner initiated an arbitration claim via JAMS ADR ("JAMS") against Defendant.

9. Defendant failed to respond to the arbitration claim for months and did not pay its portion of the arbitration fees, as required under the arbitration agreement and JAMS Minimum Standards, despite several notices being delivered to them.

10. Under JAMS Minimum Standards, Defendant was obligated to pay a $2,000 non-refundable filing fee.

11. To protect his own interests, Petitioner paid Defendant's arbitration fees, after receiving notice from the arbitration organization that the case would not be heard and could be closed if the fees were not paid.

12. Following Petitioner's payment of the fees, Defendant's legal department finally responded to the JAMS ADR case managers.

13. Petitioner requested, via email, reimbursement for Defendant's portion of the fees on the basis that Petitioner is entitled to subrogation.

14. Defendant's counsel, Justin Brandt, denied Petitioner's request, stating that the claim was frivolous and suggested that Petitioner bring the claim to court.

15. The arbitration clause in the contract created a mutual obligation on both parties to participate in arbitration once initiated. Petitioner was not obligated to pay Defendant's fees and is therefore entitled to reimbursement under the doctrine of subrogation, as he fulfilled Defendant's obligation to protect his interests, preventing unjust enrichment of the Defendant.

16. Under the maxim "Equity regards as done that which ought to be done," Petitioner is entitled to subrogation, as he fulfilled Defendant's obligation by paying Defendant's portion of the arbitration fees.

17. Allowing Defendant to retain the benefit of Petitioner's payment without reimbursement would result in unjust enrichment, which equity seeks to prevent

**[Second Issue: Cessation of Credit Reporting]**

18.     Defendant, without proper authority or consent from Petitioner, is currently publishing unauthorized reports about Petitioner to Petitioner's credit file through several Consumer Reporting Agencies (CRAs).

**[Defendant's Obligation to Cease and Desist]**

19.     As a debt collector, Defendant owes certain duties to Petitioner under the Fair Debt Collection Practices Act (FDCPA).

20.     In December 2022, Petitioner sent a cease and desist letter to Defendant, pursuant to 15 USC 1692c(c) of the FDCPA, instructing them to cease all communication with him, including communication via credit reporting (USPS tracking # 70210950000123598383).

21.     Under the FDCPA, communication means conveying information regarding a debt directly or indirectly to any person through any medium, which includes reporting to CRAs.

22.     Despite receiving the *cease and desist* letter and acknowledging it through the Consumer Financial Protection Bureau, Defendant continues to report Petitioner's information to CRAs, constituting an unlawful communication under the FDCPA.

23.     Defendant's continued reporting of Petitioner's information violates his right to privacy and is done without legal or equitable justification.

24.     Defendant's disregard of Petitioner's cease and desist letter, and their continued reporting of his nonpublic personal information, demonstrates not only a lack of clean hands, but a failure to do what they ought to, and are required to do by the law that governs them, justifying equitable intervention.

**[Defendant's Violation of Private Rights]**

25. The information in a credit file is classified as *nonpublic personal information*, also known as *Personally Identifiable Financial Information* (PIFI). This includes any data obtained by a financial institution from an individual, such as account balance information and payment history, as defined under the Gramm Leach Bliley Act [ 16 CFR § 313.3(o)(2) ].

26. Petitioner asserts that all information pertaining to him, *including personal, financial, transactional or otherwise,* is his personal property and that any public use or distribution of his personal property without express written consent, compensation or possession of title to the property is a violation and deprivation of the right of privacy and quiet enjoyment of property.

27. There exists no agreement between Petitioner and Defendant which grants Defendant absolute authority to make reports about Petitioner to consumer reporting agencies nor an agreement that gives Defendant perpetual possession or control over his nonpublic personal information.

28. Petitioner believes the assertion above is supported by several current legislative Acts (Acts) aimed to protect, including but not limited to;

      i.    the FCRA which explicitly mentions the right of privacy in the first section [ 15 U.S. Code § 1681(a)(4) ] and the intent to respect said privacy;

      ii.    the Gramm Leach Bliley Act which, again, mentions, within the first section, the intent to protect the privacy of individuals whose information, specifically *nonpublic personal information*, may be in the custody of a financial institution .

**[Equity Regards Substance and Not Form]**

29.    Petitioner asserts that while the aforementioned Acts may be legal in nature and form, their intent and spirit are to protect the individual's inherent and equitable rights to privacy and the quiet enjoyment of personal property—rights that are not created by legal rules, but are instead recognized and affirmed by them.

30.    Defendant does not hold legal or equitable title to Petitioner's estate or any of his property and has no authorization by any beneficiary, trustee, executor or any other authorized person to use or distribute any of Petitioner's personal property to any 3rd parties.

## CLAIMS FOR RELIEF

### Reimbursement for Arbitration Fees

31.    Defendant's failure to pay its portion of the arbitration fees constituted a breach of its contractual obligations under the arbitration agreement.

32.    Plaintiff was forced to pay Defendant's portion of the fees to protect his interests.

33.    Under the doctrine of subrogation, Plaintiff is entitled to reimbursement from Defendant for the fees paid on Defendant's behalf, as equity does not allow Defendant to benefit from its failure to fulfill contractual duties.

### Cessation of Credit Reporting / Private Rights Infringed

34.    Petitioner asserts both the right to accurate and fair credit reporting under the Fair Credit Reporting Act (FCRA) and the right to privacy, including the choice not to participate in credit reporting. These rights are not created by statute; rather, the statutes recognize and protect pre-existing rights.

35. Petitioner has the right under the Fair Debt Collection Practices Act (FDCPA) to be free from harassment by debt collectors, a right which Defendant is currently violating.

36. Additionally, under the principle that "He who creates a thing owns it," Petitioner asserts ownership of all accounts and information derived from his name. The unauthorized distribution of Petitioner's personal information to third parties infringes on Petitioner's privacy and his right to the quiet enjoyment of his property.

## Legal Obligations of Defendant

37. As a corporation, Defendant is legally obligated to comply with the FCRA and FDCPA, both of which are designed to ensure fairness and protect individual rights.

38. Defendant's failure to adhere to these legal obligations has resulted in inequity, which justifies equitable relief.

39. In accordance with the maxims "Equity follows the law" and "Equity regards as done what ought to be done," Petitioner seeks equitable relief to compel Defendant to fulfill its legal obligations.

## Petitioner's Superior Title

40. Petitioner holds both legal and equitable title to his estate and all information or assets derived from it, which supersedes any equitable interests of the Defendant.

## PRAYER FOR RELIEF

41. WHEREFORE, Petitioner prays for the following relief:

   a. An order directing Defendant to reimburse Plaintiff in the amount of $2,000, representing the arbitration fees Plaintiff paid on Defendant's behalf;

b. Injunctive relief via an order directing Defendant to immediately cease reporting any further information to Petitioner's credit file, and to delete any accounts or information currently being reported by Defendant to any Consumer Reporting Agencies or similar entities regarding Petitioner.

c. A declaration that all information related to Petitioner's credit file is the property of the Petitioner, and that Defendant holds no legal or equitable ownership of said information.

d. An award of Plaintiff's costs and fees associated with bringing this action; and

e. Such other and further relief as this Court deems just and equitable.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the eighth day of September  , two thousand twenty-four.**

**Respectfully submitted,**

_____

Ian Bruce

EXHIBIT A:

The Contract

# NOTICE

**This document must be printed using a color printer. Under California law certain provisions within a Motor Vehicle Retail Installment Sales Contract must appear in red.**

**Failure to print this document with a color printer may result in liability on your part. Wolters Kluwer Financial Services is not responsible for any losses resulting from the failure to print this document with a color printer.**



Retail Installment Contract-CA **CA-103-ARB 10/10/2015**
Bankers Systems ™ VMP® Not for use in transactions secured by a dwelling.
Wolters Kluwer Financial Services © 2015

WLK-MVLFAZCA 11/9/2016

cover page

The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it, as Custodian

CA-103-ARB 10/10/2015

# Conditional Sale Contract and Security Agreement

| **Seller Name and Address** | **Buyer and Co-Buyer Name(s) and Address(es)** | |
|---|---|---|
| Financial Auto Outlet Corp<br>9619 Artesia Blvd<br>Bellflower, CA 90706 | IAN ISAIAHENOCH BRUCE<br>2667 E 56TH WAY APT 6<br>LONG BEACH, CA 90805 | Contract No. App# 58176591 - V# 1<br>Date 6/2/2020 |

Dealer # _____ ROS# _____ Stock # 098590 _____

Primary use of the vehicle is personal, family, or household use unless otherwise indicated: ☐ Primary use is business, commercial or agricultural purpose.

## Truth-In-Lending Disclosure

| **Annual Percentage Rate**<br>The cost of your credit as a yearly rate. | **Finance Charge**<br>The dollar amount the credit will cost you. | **Amount Financed**<br>The amount of credit provided to you or on your behalf. | **Total of Payments**<br>The amount you will have paid when you have made all scheduled payments. | **Total Sale Price**<br>The total cost of your purchase on credit, including your down payment of $ 2150.00 |
|---|---|---|---|---|
| 20.89 % | $ 5513.14 | $ 11362.22 | $ 16875.36 | $ 19025.36 |

**Payment Schedule.** Your payment schedule is:                                                                        (e) means estimate

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| | $ | |
| | $ | |
| 48 Payments | $ 351.57 | Monthly, Beginning 07/04/20 |
| | $ | |
| | $ | |

**Security.** You are giving us a security interest in the Property purchased.
**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of 5% of the unpaid amount of the payment due.
**Prepayment.** If you pay off this Contract early, you will not have to pay a penalty.
**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| New/Used | Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|---|
| Used | 2010 | Toyota | Tacoma Double Cab | Pickup | 3TMJU4GN7AM098590 | 181390 |

## Trade-In Description; Payoff Accuracy; Agreement

Trade-In Vehicle:

_____ _____ _____
Year          Make                    Model

_____ _____
Odometer                   VIN

The payoff amount of your trade-in is shown in 6.B. of the Itemization of Amount Financed on Page 2. We relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the amount shown in 6.B. You understand the payoff amount is an estimate. You agree that if the actual payoff amount is greater than the payoff amount shown in 6.B. you will pay us the difference if we ask for it. If the actual payoff amount is less than the amount shown in 6.B. we will refund to you any overage we receive from your prior lienholder or lessor. Subject to the NOTICE in the "*Owner Agreement*" section of this Contract, any assignee of this Contract will not be obligated to pay the amount shown in 6.B. or any refund.

Buyer: _____          Co-Buyer: _____

## Important Notices

**Seller Assisted Loans.**
You may be required to pledge security for the loan. You will be obligated for the installment payments on both this Conditional Sales Contract and the Loan.

Lender on loan _____
Amount $ N/A _____ Finance Charge $ N/A _____
Total $ N/A _____ Payable in N/A _____ installments of
$ N/A _____ . $ N/A _____ of loan proceeds
included in item 6.D. of the Itemization of Amount Financed on Page 2.

**Auto Broker Fee.**
**If the Vehicle is new, this transaction is not subject to a fee received by an auto broker from us unless this box is checked:**
☐ **Name of auto broker receiving fee:** _____

Retail Installment Contract-CA **CA-103-ARB 10/10/2015**
Bankers Systems ™ VMP® Not for use in transactions secured by a dwelling.
Wolters Kluwer Financial Services © 2015

WLK-MVLFAZCA 11/9/2016

_____ Page 1 of 9

The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it, as Custodian

Copy of Original

**Itemization of Amount Financed** *(Seller may retain or receive part of the amounts paid to others.)*

1. Cash Price Itemization
   A. Cash Price (excluding items 1.B to L.3) ................................................... $ 11875.00
      1. Cash Price of Vehicle .......................................... $ 11875.00
      2. Cash Price of Accessories ..................................... $ N/A
      3. Other _____ $ N/A
         _____ $ N/A
   B. Document Processing Charge (not a governmental fee) ......................... $ 65.00
   C. Emissions Testing Charge (not a governmental fee) ............................ $ 50.00
   D.1 (Optional) Theft Deterrent Device paid to _____ $ N/A
   D.2 (Optional) Theft Deterrent Device paid to _____ $ N/A
   D.3 (Optional) Theft Deterrent Device paid to _____ $ N/A
   E.1 (Optional) Surface Protection Product paid to _____ $ N/A
   E.2 (Optional) Surface Protection Product paid to _____ $ N/A
   F. EV Charging Station paid to _____ $ N/A
   G.1 Sales Tax (on taxable items in A through F.) ................................... $ 1228.97
   G.2 Other Taxes _____ $ N/A
   H. Electronic Vehicle Registration or Transfer Charge (not a
      governmental fee) paid to _____ $ N/A
   I.1 (Optional) Service Contract paid to _____ $ N/A
   I.2 (Optional) Service Contract paid to _____ $
   I.3 (Optional) Service Contract paid to _____ $
   I.4 (Optional) Service Contract paid to _____ $
   I.5 (Optional) Service Contract paid to _____ $
   J. Prior Credit or Lease Balance paid to _____ (e)    $ N/A
      (see down payment and trade-in calculation)
   K. Optional Gap Waiver paid to Seller ............................................ $ N/A
   L.1 (Optional) Used Vehicle Contract Cancellation Option Agreement ....... $ N/A
   L.2 Other paid to _____ for _____ $ N/A
   L.3 Other paid to _____ for _____ $ N/A
   M. Total Cash Price (A through L.3) ............................................. $ 13218.97 (1)
2. Amounts Paid to Public Officials
   A. License Fees ................................................................... $ 270.00
   B. Registration/Transfer/Titling Fees .......................................... $ 15.00
   C. California Tire Fees .......................................................... $ N/A
   D. Other _____ $ N/A
   Total Official Fees (A through D) ............................................... $ 285.00 (2)
3. Amount Paid to Insurance Companies (See Statement of Insurance, Totals (1) and (2)) $ N/A (3)
4. ☐ State Emissions Certification Fee or ☐ State Exemption Fee (Paid to State) $ 8.25 (4)
5. Subtotal (1 through 4) ............................................................ $ 13512.22 (5)
6. Total Downpayment
   A. Agreed Trade-In Value ....................................................... $ N/A
   B. Less Prior Credit or Lease Balance (e) ...................................... $ N/A
   C. Net Trade-In (A less B) (indicate if a negative number) ..................... $ N/A
   D. Deferred Downpayment ....................................................... $ N/A
   E. Manufacturer's Rebate ....................................................... $ N/A
   F. Other _____ $ N/A
   G. Cash ......................................................................... $ 2150.00
   Total Downpayment (C through G) ............................................... $ 2150.00 (6)
   (If negative, enter zero on line 6 and enter the amount less
   than zero as a positive number on line 1.J. above)
7. Prepaid Finance Charge ......................................................... $ N/A (7)
8. Amount Financed (5 less 6 and 7) ............................................... $ 11362.22 (8)

Retail Installment Contract-CA **CA-103-ARB 10/10/2015**
Bankers Systems™ VMP® Not for use in transactions secured by a dwelling.
Wolters Kluwer Financial Services © 2015

WLK-MVLFAZCA 11/9/2016

_____ Page 2 of 9

The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it, as Custodian

## Statement of Insurance

NOTICE: No person is required as a condition precedent to financing the purchase of an automobile that any insurance be negotiated or purchased through a particular insurance agent or broker.

You must insure the Vehicle and other property securing this Contract. See the "Property Insurance" section on Page 5 of this Contract. You are not required to provide any other insurance.

### Property Insurance

| | | | Term | | Premium |
|---|---|---|---|---|---|
| $ ___N/A___ | Ded. Comp., Fire & Theft | | 0 Mos. | $_____ | N/A |
| $ ___N/A___ | Ded. Collision | | 0 Mos. | $_____ | N/A |
| Bodily Injury | $_____ limits | | ___ Mos. | $_____ | N/A |
| Property Damage | $_____ limits | | ___ Mos. | $_____ | N/A |
| Medical | _____ | | ___ Mos. | $_____ | N/A |
| | | | ___ Mos. | $_____ | N/A |
| Total Property Insurance Premiums | | | | $_____ | N/A (1) |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the required Property Insurance from any company reasonably acceptable to us.

Buyer _____

Co-Buyer _____

Seller _____ Richard Hajaghaie _____

If you purchase any optional credit insurance, then policies or certificates from the insurer will describe the terms and conditions.

### Application for Optional Credit Insurance

☐ Credit life:   ☐ Buyer   ☐ Co-Buyer   ☐ Joint
☐ Credit disability (Buyer)

| | Term | Exp. | Premium |
|---|---|---|---|
| Credit life: | ___ Mos. | _____ | $ N/A |
| Credit disability: | ___ Mos. | _____ | $ N/A |
| Total credit insurance premiums | $ N/A | (2) ○ | |

Name of insurance company _____

Address (home office) _____

Credit insurance is not required to obtain credit and is not a factor in our credit decision. We will not provide it unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We have quoted above ONLY the coverages you have chosen to purchase.

You are applying for the credit insurance marked above. Your signature below means that you agree that: 1. You are not eligible for insurance if you have reached your 65th birthday. 2. You are not eligible for disability insurance unless you are working at least 30 hours a week for wages or profit on the Effective Date. 3. Only the Buyer, not the Co-Buyer, is eligible for disability insurance. **DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS. REFER TO THE "TOTAL DISABILITIES NOT COVERED" SECTION IN YOUR POLICY FOR DETAILS.**

Sign if you want to buy credit insurance.

| 6/2/2020 | N/A | |
|---|---|---|
| Date | Buyer | Age |

| | N/A | |
|---|---|---|
| Date | Co-Buyer | Age |

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

WARNING:

YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.

FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S _____ S/S _____

## Additional Protections

**You may buy or decline the following Gap Waiver (debt cancellation agreement) or any of the following service or other contracts. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. These voluntary protections will not be provided unless you sign and agree to pay the additional cost.**

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no charge is given for an item, you have declined to purchase any such item. References to "1.I.1." to "1.I.5.," "1.K.," and "1.L.1." below are to the Itemization of Amount Financed on Page 2 of this Contract.

### Service Contracts

| Company | Term | Price |
|---|---|---|
| _____ | _____ | See 1.I.1 |
| _____ | _____ | See 1.I.2 |
| _____ | _____ | See 1.I.3 |
| _____ | _____ | See 1.I.4 |
| _____ | _____ | See 1.I.5 |

| 6/2/2020 | | | |
|---|---|---|---|
| Buyer: | Date | Co-Buyer: | Date |

☐ Gap Waiver

Term _____

Price $ ___See 1.K.___

See Gap Waiver (now made a part of this Contract) for conditions and exclusions.

☐ Optional Used Vehicle Contract Cancellation
Option Agreement    Price: ___See 1.L.1.___

| 6/2/2020 | | | |
|---|---|---|---|
| Buyer: | Date | Co-Buyer: | Date |

Retail Installment Contract-CA **CA-103-ARB 10/10/2015**
Bankers Systems™ VMP® Not for use in transactions secured by a dwelling.
Wolters Kluwer Financial Services © 2015

WLK-MVLFAZCA 11/9/2016

_____
Page 3 of 9

The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it, as Custodian

## Additional Terms of this Contract and Security Agreement

**Finance Charge and Payments.** You agree to pay the Amount Financed and Finance Charge as provided in the Payment Schedule in the TRUTH-IN-LENDING DISCLOSURE on Page 1 of this Contract. You also agree to pay the Late Charge described on Page 1, and all other amounts required under this Contract. Finance Charge will be computed each day. Finance Charge is computed at the Annual Percentage Rate shown on Page 1 of this Contract. We may apply each payment to the Finance Charge, the unpaid part of the Amount Financed, and other amounts due under this Contract in any order we choose.

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, and all proceeds. You also assign to us and give us a security interest in proceeds and refunds under any insurance policy, service contract or other contract purchased with this Contract as the law allows.

**General Terms.** You have been given the opportunity to purchase the Vehicle and described services for the Total Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any services if you buy them over time. You chose to purchase the Vehicle and services over time. The Total Sale Price shown in the TRUTH-IN-LENDING DISCLOSURE assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the Amount Financed balance, and when the Amount Financed has been paid in full, refund it to you. You understand and agree that we (or our affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other goods and services that you buy through us or our affiliate.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.

The law of California will govern this transaction. Applicable federal law and regulations also govern it.

The entire agreement between you and us is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

**Name and Location.** Your name and address indicated on Page 1 are your exact legal name and your principal residence. You will provide us with at least 30 days' notice prior to changing your name or principal residence.

You agree that the Vehicle will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Ownership and Duties Toward Vehicle.** By giving us a security interest in the Vehicle, you represent and agree to the following:

A. The security interest you are giving us in the Vehicle and other property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Vehicle and other property ahead of the claim of anyone else. You will not do anything to change our interest in the Vehicle and other property.

B. You will defend our interests in the Vehicle and other property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Vehicle and other property ahead of the claim of anyone else.

C. You will keep the Vehicle in your possession in good condition and repair. You will use the Vehicle for its intended and lawful purposes. You agree not to remove the Vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the Vehicle or this Contract without our written permission. You agree to keep the Vehicle free from seizure, confiscation, or involuntary transfer. Unless otherwise agreed in writing, the Vehicle will be located primarily at your address listed on Page 1 of this Contract.

D. You will pay all taxes and assessments on the Vehicle as they become due.

E. You will notify us of any loss or damage to the Vehicle. You will provide us reasonable access to the Vehicle for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

A. You fail to perform any obligation that you have undertaken in this Contract.

B. You become a debtor in any bankruptcy proceeding, or others take legal action to collect money or repossess the Vehicle from you.

C. You fail to pay all you owe under this Contract if the Vehicle becomes a total loss or is missing or stolen.

D. You give inaccurate, incomplete, or misleading information on your credit application or in this Contract (See the "Information You Provide to Us" section of this Contract).

If you default, you agree to pay our costs for collecting amounts owing, including, without limitation, court costs, attorneys' fees, and fees for repossession, repair, storage and sale of the Vehicle securing this Contract.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**Gap Liability Notice.** In the event of theft or damage to your Vehicle that results in a total loss, there may be a gap between the amount you owe under this Contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. Optional Gap Waiver may be offered for an additional charge.

**Remedies.** If you default on this Contract, we may exercise the remedies provided by law and this Contract subject to any right the law gives you to reinstate this Contract. Those remedies include:

A. We may require you to immediately pay us, subject to any refund or reinstatement rights, the remaining unpaid balance of the Amount Financed, finance charges and all other agreed charges.

B. We may pay taxes, assessments, or other liens or make repairs to the Vehicle if you have not done so. We are not required to do so. You will repay us that amount when we

The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it, as Custodian

tell you to do so. That amount will earn finance charges from the date we pay it at the Annual Percentage Rate stated in the *Truth-In-Lending Disclosure* of this Contract, not to exceed the highest rate permitted by law.

C. We may require you to make the Vehicle available to us at a place we designate that is reasonably convenient to you and us.

D. We may immediately take possession of the Vehicle by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Vehicle and apply what we receive as provided by law to our reasonable expenses and then toward your obligations. Our reasonable expenses can include, among other things, costs of repossession, storage, sale preparation, and sale.

E. If the Vehicle is repossessed, a total loss, confiscated or stolen, we may claim benefits under or cancel any insurance, maintenance, service, or other contract purchased under this Contract and use the resulting proceeds or refund of unearned charges to reduce what you owe under this Contract.

F. Except when prohibited by law, we may sue you for remaining amounts if the proceeds of a sale do not pay all of the amounts you owe us. You will pay interest on these remaining amounts until paid at the Annual Percentage Rate shown on Page 1 of this Contract, not to exceed the highest rate permitted by law.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again. You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Vehicle securing this Contract and taken into possession as provided above.

If the Vehicle has an electronic tracking device, you agree that we may use the device to find the Vehicle.

**Returned Check Charge.** You may be liable for collection costs incurred in connection with this Contract. This includes a fee, not to exceed $15, for each check, share draft or negotiable order of withdrawal offered as payment that is returned dishonored by a depository institution.

**Property Insurance.** You agree to buy property insurance on the Vehicle protecting against loss and physical damage and otherwise acceptable to us. You will name us as loss payee on any such policy. In the event of loss or damage to the Vehicle, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Vehicle. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. You will keep the insurance in full force and effect until this Contract is paid in full. If you fail to obtain or maintain this insurance, or name us as a loss payee, we may obtain insurance to protect our interest in the Vehicle or, at our option, your and our interests in the Vehicle. This insurance may include coverages not required of you. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the Annual Percentage Rate stated in the *Truth-In-Lending Disclosure* of this Contract or, at our option, the highest rate the law permits.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

A. You must pay this Contract even if someone else has also signed it.

B. We may release any Co-Buyer or Guarantor and you will still be obligated to pay this Contract.

C. We may release any security and you will still be obligated to pay this Contract.

D. If we give up any of our rights, it will not affect your duty to pay this Contract.

E. If we extend new credit, it will not affect your duty to pay this Contract.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Information You Provide to Us.** We have based our decision to enter into the Contract on the information you supplied in any credit applications and in this Contract, including the payoff amount on any trade-in. We relied on the information because you assured us it is accurate. You now repeat that assurance, and you warrant and represent as follows:

◆ All that information is accurate, complete and not misleading.

◆ You believe that information will remain correct and will not change. You have no reason to suspect otherwise.

◆ Unless you tell us in writing before you sign this Contract, Buyer and Co-Buyer will each use and own the Vehicle, even if that is not shown on the vehicle title.

You will provide us with documents and other information we request to verify that any items of that information are correct.

**Our Warranties: UNLESS WE AS SELLER, IN A SALE FOR PERSONAL USE, EITHER EXTEND A WRITTEN WARRANTY OR SERVICE CONTRACT WITHIN 90 DAYS OF THE DATE OF THIS CONTRACT, OR SELL THE VEHICLE WITH A WRITTEN WARRANTY, THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, CONCERNING THE VEHICLE, INCLUDING IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.**

**This provision does not affect any warranties of the Vehicle provided by the vehicle manufacturer. If the Vehicle was sold as a certified used vehicle, the warranty of merchantability is not disclaimed.**

## Claim Procedure

If you have purchased credit disability insurance in connection with this Contract, the following claim procedure applies.

The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it, as Custodian

If you become disabled, tell us (your creditor) right away. (We advise you to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. Send in the completed form to the insurance company as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payments, **WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER** your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months as a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

## Owner Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, "*you*" means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your Interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

N/A
_____
By:                                                          Date
   Signature of Third Party Owner (NOT the Buyer)

Note: If the primary use of the Vehicle is not personal, family or household use, then this is not a consumer contract, and the following notice does not apply.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

## Used Car Buyer's Guide

Used Car Buyer's Guide. The information you see on the window form for this Vehicle is part of this Contract. Information on the window form overrides any contrary provisions in the contract of sale.

## Guía para compradors de vehículos usados

Guía para compradors de vehículos usados. La información que aparece en la ventanilla de este vehículo forma parte de este contrato. La información contenida en el formulario de la ventanilla anula cualquier estipulación que establezca lo contrario y que aparezca en el contrato de venta.

## Arbitration Provision

**PLEASE READ CAREFULLY! By agreeing to this Arbitration Provision you are giving up your right to go to court for claims and disputes arising from this Contract:**

- ◆ **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION, AND NOT BY A COURT OR BY JURY TRIAL.**
- ◆ **YOU GIVE UP ANY RIGHT THAT YOU MAY HAVE TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER IN ANY CLASS ACTION OR CLASS ARBITRATION AGAINST US IF A DISPUTE IS ARBITRATED.**
- ◆ **IN ARBITRATION, DISCOVERY AND RIGHTS TO APPEAL ARE GENERALLY MORE LIMITED THAN IN A JUDICIAL PROCEEDING, AND OTHER RIGHTS THAT YOU WOULD HAVE IN COURT MAY NOT BE AVAILABLE.**

You or we (including any assignee) may elect to resolve any Claim by neutral, binding arbitration and not by a court action. *"Claim"* means any claim, dispute or controversy between you and us or our employees, agents, successors, assigns or affiliates arising from or relating to: 1. the credit application; 2. the purchase of the Property; 3. the condition of the Property; 4. this Contract; 5. any insurance, maintenance, service or other contracts you purchased in connection with this Contract; or 6. any related transaction, occurrence or relationship. This includes any Claim based on common or constitutional law, contract, tort, statute, regulation or other ground. To the extent allowed by law, the validity, scope and interpretation of this Arbitration Provision are to be decided by neutral, binding arbitration.

If either party elects to resolve a Claim through arbitration, you and we agree that no trial by jury or other judicial proceeding will take place. Instead, the Claim will be arbitrated on an individual basis and not on a class or representative basis.

The party electing arbitration may choose either of the following arbitration organizations and its applicable rules, provided it is willing and able to handle the arbitration: American Arbitration Association, 1633 Broadway, Floor 10, New York, NY 10019 (www.adr.org) or JAMS, 1920 Main Street, Suite 300 Irvine, CA 92614 (www.jamsadr.com), or it may choose any other reputable arbitration organization and its rules to conduct the arbitration, subject to the other party's approval. The parties can get a copy of the organization's rules by contacting it or visiting

The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it, as Custodian

its website. If the chosen arbitration organization's rules conflict with this Arbitration Provision, the terms of this Arbitration Provision will govern the Claim. However, to address a conflict with the selected arbitration organization's rules, the parties may agree to change the terms of this Arbitration Provision by written amendment signed by the parties. If the parties are not able to find or agree upon an arbitration organization that is willing and able to handle the arbitration, then the arbitrator will be selected pursuant to 9 U.S. Code Sections 5 and 6.

The arbitration hearing will be conducted in the federal district where you reside unless you and we otherwise agree. Or, if you and we agree, the arbitration hearing can be by telephone or other electronic communication. The arbitration filing fee, arbitrator's compensation and other arbitration costs will be paid in the amounts and by the parties according to the rules of the chosen arbitration organization. Some arbitration organizations' rules require us to pay most or all of these amounts. If the rules of the arbitration organization do not specify how fees must be allocated, we will pay the filing fee, arbitrator's compensation, and other arbitration costs up to $5,000, unless the law requires us to pay more. Each party is responsible for the fees of its own attorneys, witnesses, and any related costs, if any, that it incurs to prepare and present its Claim or response. In limited circumstances, the arbitrator may have the authority to award payment of certain arbitration costs or fees to a party, but only if the law and arbitration organization rules allow it.

An arbitrator must be a lawyer with at least ten (10) years of experience and familiar with consumer credit law or a retired state or federal court judge. The arbitration will be by a single arbitrator. In making an award, an arbitrator shall follow governing substantive law and any applicable statute of limitations. The arbitrator will decide any dispute regarding the arbitrability of a Claim. An arbitrator has the authority to order specific performance, compensatory damages, punitive damages, and any other relief allowed by applicable law. An arbitrator's authority to make awards is limited to awards to you or us alone. Claims brought by you against us, or by us against you, may not be joined or consolidated in arbitration with claims brought by or against someone other than you, unless agreed to in writing by all parties. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

Any arbitration award shall be in writing, shall include a written reasoned opinion, and will be final and binding subject only to any right to appeal under the Federal Arbitration Act ("FAA"), 9 U.S. Code Sections 1, et seq. Any court having jurisdiction can enforce a final arbitration award. You and we agree that this Arbitration Provision is governed by the FAA to the exclusion of any different or inconsistent state or local law.

You or we can do the following without giving up the right to require arbitration: seek remedies in small claims court for Claims within the small claims court's jurisdiction, or seek judicial provisional remedies. If a party does not exercise the right to elect arbitration in connection with any particular Claim, that party still can require arbitration in connection with any other Claim.

This Arbitration Provision survives any (i) termination, payoff, assignment or transfer of this Contract, (ii) any legal proceeding by you or us to collect a debt owed by the other, and (iii) any bankruptcy proceeding in which you or we are the debtor. With but one exception, if any part of this Arbitration Provision is deemed or found to be unenforceable for any reason, the remainder of this Arbitration Provision will remain in full force and effect. The one exception is that if a finding of partial unenforceability would allow arbitration to proceed on a class-wide basis, then this Arbitration Provision will be unenforceable in its entirety.

**PROCESS TO REJECT THIS ARBITRATION PROVISION.** You may reconsider and reject your approval of this Arbitration Provision by sending a written notice to the Assignee (identified in the Assignment section) or if there is no Assignee, then to Seller. The notice must be postmarked within 30 days of the date you signed this Contract. It simply needs to state your decision to reject the Arbitration Provision in this Contract and include your signature. It must also provide your name, Seller's name and the date of this Contract. **Rejecting this Arbitration Provision will NOT affect the terms under which we will finance and sell the Property to you or any other terms of this Contract, except that the Arbitration Provision will not apply.**

**CAUTION: It is important that you read this Arbitration Provision thoroughly before you sign this Contract. By signing this Contract, you acknowledge that you read, understand and agree to this Arbitration Provision. If you do not understand this Arbitration Provision, do not sign this Contract; instead ask your lawyer. If you approve this Arbitration Provision, you have an additional 30 days after signing to reconsider and reject your approval, as described above. If you use that process to reject, this Arbitration Provision will not be a part of this Contract, but the rest of this Contract will still be binding and effective.**

## Right of Seller to Cancel

If you sign the Right of Seller to Cancel in the "Signatures" section of this Contract, you agree to the following:Q

- You acknowledge that it may take a few days for the Seller to verify your credit and assign the Contract to a financial institution.
- If the Seller is unable to get a financial institution it regularly does business with to accept an assignment of the Contract on terms that are satisfactory to the Seller, the Seller may elect to cancel (rescind) the Contract by giving you a notice of cancellation within 10 days after the date you signed this Contract.
- Upon receipt of a notice of the cancellation within 10 days after you signed this Contract, you agree to immediately return the Vehicle to the Seller free of all liens apart from this Contract in the same condition as it was in when you received it, except for reasonable wear and tear.
- After you return the Vehicle, the Seller agrees to return to you any trade-in vehicle and all amounts you paid to the Seller under this Contract.
- You agree that, if you do not immediately return the Vehicle to the Seller, the Seller will be entitled to recover all amounts you owe the Seller under this Contract to the extent permitted by law.
- You also agree that, if you do not immediately return the Vehicle to the Seller, the Seller will be entitled to repossess the Vehicle, and you will pay the Seller all its expenses (including attorneys' fees) incurred in repossessing the Vehicle, to the extent permitted by law.
- You agree that, until the Seller receives the Vehicle back from you, you will continue to have all the Buyer's obligations under this Contract, including, but not limited to, the provisions regarding insurance and use of the Vehicle; you will have all the risk of loss or damage to the Vehicle; and you will be responsible for any injuries or property damage caused by use of the Vehicle.
- You agree that if the Vehicle is damaged before it is returned to the Seller you will pay the Seller the cost of repairing it.
- You agree that the provisions of this "Right of Seller to Cancel" will continue to be effective even after this contract is cancelled.

## Additional Important Notices

**Notice of Complaints.** If you have a complaint concerning this sale, you should try to resolve it with the seller.

**Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.**

**After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.**

eSigned By:

_Jun 02, 2020 5:45:59 PM PDT_
Buyer                              Co-Buyer
IAN ISAIAHENOCH BRUCE

The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it, as Custodian

**Waiver of Confidentiality.** California Vehicle Code Section 1808.21 provides, among other things, that your resident address in any record of the California Department of Motor Vehicles is confidential.

You waive this provision and authorize the California Department of Motor Vehicles to furnish your residence address to us.

eSigned By:

Jun 02, 2020 5:45:59 PM PDT

Buyer                    Co-Buyer

IAN ISAIAHENOCH BRUCE

## Arbitration Provision and Process to Remove

**This Contract contains an Arbitration Provision that <u>affects your rights</u>.** By signing this Contract, you agree that either of us may request and require the other to resolve disputes or claims through arbitration instead of a lawsuit. The Arbitration Provision includes a process you can follow in the next 30 days if you reconsider and want to reject the Arbitration Provision.

## Acknowledgment for Electronic Signatures

X  Electronic Signature Acknowledgment. You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

### Notice To Buyer.
**(1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled-in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.**

☐  If this box is checked, you will owe no Finance Charge if you pay the Amount Financed on or before _____ (date)

Seller's initials _____ .

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

## Signatures

Changes to this Contract must be in writing and signed by both you and our authorized representative. Oral changes are not binding.

eSigned By:

Jun 02, 2020 5:45:59 PM PDT

Buyer signs                    Co-Buyer signs

IAN ISAIAHENOCH BRUCE

**Right of Seller to Cancel.** By signing below, you agree that the *Right of Seller to Cancel* section of this Contract will apply. This provision gives us the right to cancel this Contract if we are unable to assign the Contract.

eSigned By:

Jun 02, 2020 5:45:59 PM PDT

Buyer                    Co-Buyer

IAN ISAIAHENOCH BRUCE

**You agree to the terms of this Contract. By signing below, you become legally obligated to perform the terms of this Contract and acknowledge that (1) before you signed it, we gave you the completely filled-in Contract and you had a chance to take it and thoroughly read and review it, and (2) you received a completely filled-in copy of the Contract.**

### THERE IS NO COOLING OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION.

**California law does not provide for a "cooling off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or you wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud.**

**However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.**

Buyer                    Co-Buyer

eSigned By:

Jun 02, 2020 5:45:59 PM PDT        6/2/2020

IAN ISAIAHENOCH BRUC Date                    Date

Seller  Financial Auto Outlet Corp

eSigned By:

*Richard Hajaghaie*

Jun 02, 2020 5:43:00 PM PDT        6/2/2020

By: _____                    Date

The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by its as Custodian

**Assignment.** This Contract and Security Agreement is assigned to
Westlake Financial

4751 Wilshire Blvd. Suite 100 Los Angeles CA 90010 ,
the Assignee, phone (800) 641-6700 . This assignment is
made under the terms of a separate agreement made between the
Seller and Assignee. ☐ This Assignment is made with recourse.

Seller Financial Auto Outlet Corp

eSigned By:

*Richard Hajaghaie*

Jun 02, 2020 5:43:00 PM PDT

6/2/2020

By                                                    Date



Copy of

Original

Retail Installment Contract-CA  **CA-103-ARB 10/10/2015**
Bankers Systems™ VMP® Not for use in transactions secured by a dwelling.
Wolters Kluwer Financial Services © 2015

WLK-MVLFAZCA 11/9/2016

Page 9 of 9

The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it, as Custodian

## General Civil and Domestic Relations Case Filing Information Form

⚞ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

24GC06809

A GREGORY POOLE

SEP 11, 2024 06:57 AM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

☑ Superior or ☐ State Court of __Cobb_____ County

| For Clerk Use Only | |
|---|---|
| Date Filed 09-11-2024 | Case Number 24GC06809 |
| MM-DD-YYYY | |

**Plaintiff(s)**

Bruce, Ian

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

Westlake Services, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _____   **Bar Number** _____   **Self-Represented** ☑

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
Case Number                  Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.20

OCT 0 2 2024

⊞ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
**24GC06809**
**A. GREGORY POOLE**
**OCT 15, 2024 09:17 PM**

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

IN THE EQUITY COURT OF COBB COUNTY

STATE OF GEORGIA

| | |
|---|---|
| Ian Bruce, | Civil Action File No. |
| Petitioner, | _____ 24GC06809 |
| V. | NOTICE OF MOTION AND **EMERGENCY MOTION** FOR TEMPORARY INJUNCTION AND REPLEVIN |
| Westlake Services, LLC, | |
| Defendant, | [Assigned to Hon. Judge A. GREGORY POOLE] |
| SNATCHMASTERS, LLC | |
| Defendant. | Date: OCT. 15, 2024 |

**1.     TO THE COURT AND ALL PARTIES HEREIN:**

2.     **PLEASE TAKE NOTICE** that Ian Bruce (hereinafter "Petitioner") moves the Court for an Emergency Temporary Injunction and Replevin against Westlake Services LLC ("Defendant-principal") and SNATCHMASTERS LLC ("Defendant-agent"). This motion is based on the grounds that the repossession of Petitioner's vehicle during pending litigation has caused undue hardship and irreparable harm.

3.     This motion is brought pursuant to OCGA § 9-11-65 for temporary injunctive relief and is supported by the attached Memorandum of Points and Authorities, declarations, the pleadings on file, and any other evidence or argument that may be presented at a hearing on this matter.

INTRODUCTION

4.      Petitioner Ian Bruce seeks an emergency order from this Court to compel the return of his 2010 Toyota Tacoma, which was repossessed by Defendant-agent on the orders of Defendant-principal. The vehicle is essential for Petitioner's daily activities, including work and transporting family members. Its repossession has caused immediate and irreparable harm, as Petitioner's employment and family obligations depend on the vehicle's availability.

5.      Additionally, Petitioner and Defendant-principal are in the middle of ongoing litigation and the rights of the parties have yet to be decided and decree by an adjudicator.

## PARTIES & JURISDICTION

6.       Petitioner resides in Gwinnett County, Georgia.

7.      Defendant Westlake Services LLC is an auto finance company with its principal place of business in Los Angeles, California, and conducts business in Gwinnett County, Georgia.

8.      Defendant-agent is a tow truck company with its principal place of business at 1 Clay Place, Hapeville, GA 30354, USA.

9.      Venue is proper in this Court as Petitioner and Defendant-principal have ongoing litigation in this jurisdiction.

10.     This Court has subject matter jurisdiction under OCGA as Petitioner is in danger of suffering irreparable harm.

## FACTS

11.      On the morning of October 15, 2024, between approximately 3 a.m. and 5 a.m., Defendant-agent repossessed Petitioner's vehicle from his driveway at the direction of Westlake Services LLC. This repossession occurred despite pending litigation regarding the contract for

which the vehicle is the subject and the rights of the parties concerning the vehicle and the contract, as well as the fairness of said contract. As a result of the repossession:

    a. Petitioner was forced to work from home, which is not typically permitted by his employer and could subject the Petitioner to discipline or loss of employment.

    b. Petitioner's wife was unable to travel to the job for which she was scheduled on that morning.

    c. Both of Petitioner's daughters, who attend different schools, were late to school as separate ride-share trips had to be taken for each of them.

12. Petitioner confirmed that the repossession was carried out on the instructions of Westlake Services LLC by contacting their legal department by phone and by email through their agent, Justin Brandt.

## LEGAL STANDARD

13. Under **OCGA § 9-11-65**, a party may seek injunctive relief by demonstrating: (1) Irreparable harm in the absence of relief. (2) A substantial likelihood of success on the merits of the underlying litigation. (2) The balance of harms favors the moving party.

## ARGUMENT

14. **Irreparable Harm**:

15. Petitioner and his family rely on the vehicle for essential daily activities, including commuting to work and school. Without access to the vehicle, Petitioner faces a potential loss of employment, and his family's well-being is at risk. Additionally, Petitioner does not have family nearby to assist with transportation.

16.    The vehicle is the only multi-person vehicle that they own.

17.    Petitioner does not live within walking distance of any grocery stores which would virtually add an unnecessary financial burden when trying to obtain everyday necessities.

18.    **Likelihood of Success on the Merits**:

19.    The vehicle was repossessed during ongoing litigation disputing the validity of the lien, which is yet to be resolved by the Court or an arbitrator. Petitioner has a strong case for prevailing on the merits of this dispute.

20.    **Balance of Harms / Doctrine of Necessity**:

21.    The harm to Petitioner is significant, affecting his livelihood and family. In contrast, Westlake Services LLC, as a large finance company, and a fictitious person,  faces no harm by returning the vehicle until the litigation is resolved.

22.    **Substantive rights:**

23.    Defendant-principal, though exercising questionable legal rights, is not the beneficiary of the vehicle. Petitioner, however, is the rightful beneficiary. The vehicle serves an essential function in Petitioner's daily life, and the legality of Defendant's actions remains unresolved pending further adjudication. Therefore, returning the vehicle until the matter is resolved is in line with equity's maxim that **'Equity regards as done that which ought to be done.'**

PRAYER FOR RELIEF

24.    WHEREFORE, Petitioner respectfully requests that this Court issue an order:

25.    Directing Defendant-agent to return the 2010 Toyota Tacoma to Petitioner's residence immediately.

26.    Enjoining Defendants from repossessing or attempting to repossess Petitioner's vehicle until the resolution of the pending litigation.

27.    Awarding restitution of $100 to Petitioner's wife for the work she was forced to miss due to the Defendants' actions (OCGA § 51-1-9, spirit of the law).

28.    Granting such further relief as the Court deems just and proper.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the fifteenth day of October, two thousand twenty-four.**

Respectfully submitted,

Ian Bruce, Petitioner
267 Langley Dr #1267
Lawrenceville, Georgia
ianBruce.me@gmail.com

Scanned with
CS CamScanner

## CERTIFICATE OF SERVICE

I hereby certify that on 10-15-2024, I served a true and correct copy of the foregoing EMERGENCY MOTION FOR TEMPORARY INJUNCTION AND REPLEVIN upon counsel for the defendant, Westlake Services, LLC, by mailing a copy of the same via Certified Mail, Return Receipt Requested, and properly addressed to:

James S. Sifers (USPS TRACKING: 9589 0710 5270 2022 8798 83)
17702 Mitchell North
Irvine, CA 92614
Lead Counsel for Westlake Services, LLC

Patrick R. Norris (USPS TRACKING: 9589 0710 5270 2022 8797 83)
1100 Peachtree Street, NE, Suite 690,
Atlanta, GA, 30309, USA
Registered Agent for SNATCHMASTERS, LLC

Ian Bruce, Petitioner
267 Langley Dr #1267
Lawrenceville, Georgia
ianBruce.me@gmail.com

Date:   10-15-2024

## AFFIDAVIT IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY INJUNCTION AND REPLEVIN

I, Ian Bruce, being duly sworn, hereby declare under penalty of perjury under the laws of the United States and the State of Georgia that the following facts are true and correct to the best of my knowledge:

1. I am the Petitioner in this action and reside in Gwinnett County, Georgia.

2. On October 15, 2024, between approximately 3 a.m. and 5 a.m., SNATCHMASTERS LLC, at the direction of Westlake Services LLC, repossessed my 2010 Toyota Tacoma from my driveway.

3. The vehicle is essential to my daily life, as it is my only multi-passenger vehicle.- I use this vehicle for commuting to work, transporting my family, and other critical daily activities.

4. As a direct result of the repossession, I was forced to work from home, which is not typically permitted by my employer, placing me at risk of disciplinary action or potential job loss.

5. My wife was unable to travel to her place of employment that day, resulting in a loss of wages.

6. Both of my daughters were late to their respective schools, as I had to arrange separate ride-share trips for each of them.

7. On the same day, I contacted Westlake Services LLC's legal department to confirm that the repossession had been executed by SNATCHMASTERS LLC at their direction.

8. The repossession occurred despite the fact that there is ongoing litigation between myself and Westlake Services LLC regarding the alleged lien on the vehicle.

9. My family relies on this vehicle for essential daily tasks, and without it, we are suffering irreparable harm.

10. The repossession has created a financial burden, as we must now rely on ride-share services to complete necessary daily tasks, including grocery shopping and transporting our children to school.

11. I respectfully ask the Court to issue an emergency order requiring the return of my 2010 Toyota Tacoma and to prevent further repossession attempts until the ongoing litigation is resolved.

12. I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 10-15-2024

Respectfully submitted,

Ian Bruce, Petitioner
267 Langley Dr #1267
Lawrenceville, Georgia
ianBruce.me@gmail.com

STATE OF ____GA____
COUNTY OF ____Gwinnett____

The foregoing instrument was acknowledged before me this __15__ day of __Oct__, 20__24__,
by ____Ian Bruce____

Notary Public's Signature
My Commission Expires ____03|22|2027____

Ashley Vandoorn
Notary Name

*(Notary seal: ASHLEY VANDOORN — My Commission Expires — NOTARY PUBLIC — 03-22-2027 — GWINNETT COUNTY, GEORGIA)*


Scanned with CamScanner